UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12000-RGS

MICHAEL BROWN,
Petitioner

v.

GARY RODEN,
Respondent

MEMORANDUM AND ORDER
ON REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

February 11, 2014

STEARNS, D.J.

    I agree with Magistrate Judge Sorokin's Report and his determination that there is no merit to petitioner's claims of ineffective assistance of counsel, alleged perjury by the victim of the crime, and abuse of discretion by the trial judge in refusing to give a missing witness instruction or to hold an evidentiary hearing on petitioner's motion for a new trial.  Specifically: (1) petitioner's claims of ineffective assistance of counsel do not survive the "doubly deferential" standard of federal habeas review, *see Yarborough v. Gentry*, 540 U.S. 1, 6 (2003); (2) there is no articulated basis on which to question the presumption of correctness accorded to the Massachusetts Appeals

Court's rejection of petitioner's arguments regarding the credibility of the complaining witness, *see* 28 U.S.C. § 2254(e)(1); (3) there is no merit to the suggestion that petitioner should have received the benefit of a "missing witness" instruction when it was his *own* witness who failed to appear, *see Commonwealth v. Schatvet*, 23 Mass. App. Ct. 130, 134 (1986);[1] (4) and the denial by a state court of an evidentiary hearing is not a matter cognizable on federal habeas review, *see Coningford v. Rhode Island*, 640 F.3d 478, 484 n.4 (1st Cir. 2011). Consequently, his Recommendation is <u>ADOPTED</u> and the petition is <u>DISMISSED</u> with prejudice.[2] *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). Any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is <u>DENIED</u>, the court seeing

---

[1] A second witness who the Commonwealth chose not to call, the Appeals Court found would have offered no evidence of "distinct importance." *Commonwealth v. Brown*, 2012 WL 3052904, at *3 (July 27, 2012).

[2] As Magistrate Judge Sorokin noted, one of the effective assistance of counsel claims presented in the petition – that counsel was ineffective for failing to object to the prosecutor's purported "vouching" for the credibility of the Commonwealth's witnesses in the summation to the jury appears not to have been presented by petitioner to the State Court for review, and is therefore unexhausted. The Magistrate Judge recommended that petitioner be permitted to voluntarily dismiss this claim, or if no dismissal was forthcoming, that the petition be deemed mixed and dismissed without a stay. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). As petitioner has failed to lodge an election or any objection to the Report by the date when such were due the court will adopt the second proposed course and dismiss the petition in its entirety. *Cf. Coningford*, 640 F.3d at 483.

no meritorious or substantial basis for an appeal.  The Clerk is instructed to forward a copy of this decision to petitioner and to close the case.

                                            SO ORDERED.

                                            /s/ Richard G. Stearns

                                            _____
                                            UNITED STATES DISTRICT JUDGE